IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY RAVOTTI, | CIVIL DIVISION |
| Plaintiff, | No. 2:18-cv-01598-MRH |
| v. | |
| ONEJET, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO THIS COURT'S JANUARY 16, 2019
RULE TO SHOW CAUSE**

AND NOW, comes Plaintiff, Jeremy Ravotti, by and though his attorneys, Jason A. Archinaco, Esquire, Michael A. O'Leary, Esquire and The Archinaco Firm LLC, and files the following Response to the Court's January 16, 2019 Rule to Show Cause, and in support thereof avers as follows:

**I.    BACKGROUND**

1.   On October 17, 2018, an Involuntary Chapter 7 bankruptcy petition was filed against Defendant, OneJet, Inc., (hereinafter referred to as "Debtor") in the Bankruptcy Court for the Western District of Pennsylvania at docket number 18-24070-GLT.

2.   On November 28, 2018, Plaintiff filed a Complaint against Debtor at the above-captioned matter relating to injuries he suffered as a pilot while operating two of Debtor's aircrafts [ECF No. 1].

3.   On January 3, 2019, Plaintiff filed a proof of claim in Debtor's pending bankruptcy court proceeding.

1

4. On January 16, 2019, this Court entered an order for Plaintiff to show cause as to why his case should not be stayed due to Debtor's pending bankruptcy court proceeding. [ECF No. 6].

5. Resultantly, this Response follows.

## II. ARGUMENT

6. Generally, the filing of an involuntary Chapter 7 bankruptcy petition (such as the one filed against Debtor in this case) operates as an automatic stay pursuant to 11 U.S.C. § 362(a)(1).

7. The automatic stay applies to bar the commencement or continuation of an action against the Debtor, which would include Plaintiff's instant personal injury lawsuit. *See Id*.

8. The Third Circuit has held that insurance policies are assets that are to be considered property of the bankruptcy estate pursuant to 11 U.S.C. § 541. *ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 260 (3d Cir. 2006).

9. However, while insurance policies are property of a bankruptcy estate, the insurance proceeds derived from those policies are not necessarily property of the estate. As the Fifth Circuit observed in *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.
>
> Examples of insurance policies whose proceeds are property of the estate include casualty, collision, life, and fire insurance policies in which the debtor is a beneficiary. Proceeds of such insurance policies, if made payable to the debtor rather than a third party

>such as a creditor, are property of the estate and may inure to all bankruptcy creditors. But under the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.

*Id*.

10. The Third Circuit appears to be in accord with the reasoning set forth in *Edgeworth*. *See e.g., In re Nutraquest, Inc.*, 434 F.3d 639, 647 fn. 4 (3rd Cir. 2006) (citing *La. World Exposition, Inc. v. Fed. Ins. Co. (In re LA. World Exposition, Inc.)*, 832 F.2d 1391, 1399-401 (5th Cir. 1987) (The exception to the general rule about insurance policies being property of the estate arises when the debtor does not own the insurance proceeds, but just owns the policy); *In re Continental Airlines*, 203 F.3d 203, 217 (3rd Cir. 2000) ("One cannot assume too quickly that the proceeds of this [liability insurance] policy are property of the estate when the non-debtors … are the direct beneficiaries of the policy. We previously have recognized, albeit in a different context, that the proceeds from a insurance policy should be evaluated separately from the debtor's interest in the policy itself").

11. By way of further example, in *First Fidelity Bank v. McAteer*, 985 F.2d 114, 117 (3rd Cir. 1993), the United States Court of Appeals for the Third Circuit observed that ("Ownership of a life insurance policy [] does not necessarily entail ownership of the proceeds of that policy. Several different parties may have a property interest in such a policy or its proceeds." "Furthermore, if the owner of a life insurance policy did not have an interest in its proceeds, the filing of the petition in bankruptcy cannot create one." *Id*.

12. The Third Circuit then concluded that "the debtor McAteer simply owned the credit life insurance policy. [Creditor], and not McAteer, was the primary beneficiary. [Creditor]'s interest in the proceeds of the life insurance policy is not the property of the debtor's estate." *Id*. at 118.

13. Presumably in this case, Debtor has liability insurance and the proceeds of that insurance would cover the injuries sustained by Plaintiff as described in his Complaint. Plaintiff therefore seeks to continue the instant personal injury action for which there is likely coverage under Debtor's applicable insurance policies should he obtain any recovery against Debtor.

14. The insurance coverage will permit Plaintiff to recover for his injuries via the insurance proceeds without affecting the assets of the bankruptcy of Debtor.

15. Moreover, the proceeds of Debtor's applicable insurance policies would not be made payable to Debtor as a beneficiary, but rather, Plaintiff as a third party who was harmed by Debtor under the terms of the applicable policies. Debtor therefore has no cognizable interest in the proceeds of the applicable policies here.

16. To the extent it is determined during either the initial disclosures or discovery phase of this case that there is no applicable coverage under any of Debtor's insurance policies for Plaintiff's injuries, then at that point a stay in this proceeding might be appropriate.

17. Alternatively, should the Court be inclined to stay the instant proceeding, Plaintiff respectfully requests that the Court grant him relief from the stay pursuant to 11 U.S.C. § 362(d)(1) (which permits the Court to modify or condition a stay "for cause")

for the purpose of collecting the available insurance funds if liability is found against Debtor for the reasons set forth above.

18. In determining whether there is "cause" to modify or condition an automatic stay, the Court may consider whether: (1) whether the matter in dispute would be resolved more conveniently in a non-bankruptcy forum; (2) any great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the civil suit; (3) the civil suit will interfere with the bankruptcy proceeding; (4) the hardship to the movant (i.e., Plaintiff) by maintenance of the stay considerably outweighs the hardship to the debtor; and (5) the movant has a probability of prevailing on the merits. *In re Lincoln,* 264 B.R. 370, 373 (Bankr. E.D. Pa. 2001); *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (Bankr. D. Del. 1993); *In re Allegheny, Health, Educ. & Research Found.*, 252 B.R. 309, 321 (W.D. Pa. 1999).

19. Applying some of these factors to the instant case, Plaintiff first points out that permitting Plaintiff to proceed before this Court is the most efficient and convenient way to resolve his claim against Debtor. *See e.g., Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 91 (3d Cir. 1997) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere").

20. Second, neither the bankruptcy estate nor the Debtor will suffer any prejudice if Plaintiff's action is permitted to proceed. Indeed, if Plaintiff is successful in his claim and obtains a recovery against Debtor, the recovery would presumably be paid by applicable insurance proceeds and not by the Debtor's bankruptcy estate.

21. Third, the hardship to Plaintiff by maintenance of the stay considerably outweighs any hardship to the Debtor. Plaintiff suffered significant and potentially permanent bodily harm as set forth in his Complaint. As a result of his injuries, Plaintiff has himself been "grounded" as not been able to continue to work as a pilot due to the fact that he is no longer medically cleared to fly an aircraft. Plaintiff's inability to proceed in this case will be significantly hampered by Debtor's pending bankruptcy proceeding.

22. Lastly, "[e]ven a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *Tribune Media Servs. v. Beatty (In re Tribune Co.*), 418 B.R. 116, 129 (Bankr. D. Del. 2009).

23. Here, Plaintiff can establish a probability of success on the merits of his claim, and at the very least, a slight probability of success.

24. Further Plaintiff only seeks to proceed with his claim as a predicate to recovering against Debtor's applicable insurance.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court allow Plaintiff to proceed with his pending civil action against Debtor in an effort to obtain a recovery from Debtor's applicable insurance proceeds.

                Respectfully submitted,

Date: January 23, 2019      By: */s/ Michael A. O'Leary*
                Jason A. Archinaco
                Michael A. O'Leary
                THE ARCHINACO FIRM, LLC
                The Pennsylvanian
                1100 Liberty Avenue, Suite C6
                Pittsburgh, PA 15222
                (412) 434-0555