IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY RAVOTTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 18-1598 |
| ) | |
| ONEJET, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

AND NOW, this 4th day of December, 2020, upon consideration of Plaintiff Jeremy Ravotti's Motion for Entry of Default Judgment (Docket No. 14), Defendant OneJet, Inc.'s response in opposition thereto and brief in support (Docket Nos. 20, 21), Plaintiff's reply to Defendant's response (Docket No. 23), Defendant's surreply (Docket No. 28), and Plaintiff's response to Defendant's surreply (Docket No. 29),

IT IS HEREBY ORDERED, for the reasons set forth below, that Plaintiff's motion is DENIED.

### I.   Background

On October 17, 2018, an involuntary Chapter 7 bankruptcy petition was filed against OneJet, Inc. in the United States Bankruptcy Court for the Western District of Pennsylvania (Bankruptcy Case No. 18-24070-GLT).  On November 28, 2018, Plaintiff filed this diversity action in the United States District Court for the Western District of Pennsylvania, alleging negligence on the part of Defendant and seeking to recover damages related to injuries he allegedly suffered as a pilot operating two of Defendant's aircrafts.  (Docket No. 1).  On January

1

16, 2019, District Court Chief Judge Mark R. Hornak entered an order to show cause why this action should not be stayed due to Defendant's pending bankruptcy court proceeding. (Docket No. 6). On January 23, 2019, Judge Hornak entered an order staying and administratively closing this action as it appeared that the automatic stay afforded by the bankruptcy laws was fully applicable here. (Docket No. 8). Additionally, the order was without prejudice to Plaintiff filing for appropriate relief in the bankruptcy proceeding. (Id.). On November 18, 2019, upon consideration of a motion filed by Plaintiff, United States Bankruptcy Judge Gregory L. Taddonio entered an order granting Plaintiff relief from the automatic stay so that he could "continue to pursue the litigation pending" in the district court. (Docket No. 9-3). Judge Hornak entered an order on March 2, 2020, lifting the stay in this matter and reopening the case. (Docket No. 10).

On April 16, 2020, the Court ordered Defendant to file a response to the Complaint by April 30, 2020. (Docket No. 12). On May 27, 2020, Plaintiff filed his Motion for Entry of Default Judgment (Docket No. 14), and on June 12, 2020, counsel for Defendant entered an appearance and filed a Motion for Extension of Time to File Responsive Pleadings and Motion to Extend Time to Respond to Plaintiff's Motion for Entry of Default. (Docket Nos. 15, 16). The Court granted Defendant's motion and ordered it to file a responsive pleading and respond the Plaintiff's motion for entry of default by June 26, 2020. (Docket No. 18). On June 25, 2020, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Docket No. 19), and on June 26, 2020, Defendant filed its Response in Opposition to Plaintiff's Motion for Entry of Default Judgment and brief in support. (Docket Nos. 20, 21). This case was reassigned to Judge W. Scott Hardy on September 23, 2020.

**II.      Legal Analysis**

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).  However, the Court of Appeals for the Third Circuit has adopted a general policy that disfavors default judgments and encourages the adjudication of cases on the merits.  See McMullen v. Bay Ship Mgmt., 335 F.3d 215, 217-18 (3d Cir. 2003).  Moreover, the Third Circuit has set forth three specific factors that "control whether a default judgment should be granted:  (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Upon consideration of these factors in the context of the present case, the Court finds, first, that Plaintiff has failed to show that he would be prejudiced if his motion for entry of default is denied.  Although Plaintiff alleges that he has been prejudiced by spoliation of evidence, the Court notes that this argument appears to be based on one of Defendant's insurers denying Plaintiff coverage for his claim for a number of reasons—including the sale of, or failure to preserve for inspection, the aircraft at issue in the claim.  (Docket No. 23-5).  The Court finds Plaintiff's allegations of spoliation at this juncture to be unsupported, too vague, and too attenuated to establish that he would be prejudiced *if default were to be denied*.  Plaintiff has proffered no evidence as to when or under what circumstances the aircraft was sold or otherwise not preserved and whether such purported spoliation took place before or after Defendant's deadline for filing a responsive pleading—and whether the purported non-preservation in fact caused the denial of insurance coverage as Plaintiff asserts, or whether further pursuit of such

coverage has been made futile because of the purported spoliation. While both parties agree that the material impairment of a claim caused by the loss of evidence can be the basis for establishing prejudice, see Dissley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 147-48 (E.D. Pa. 2001), Plaintiff has not established that such purported prejudice would result in this case if default were to be denied. Indeed, Plaintiff may still have recourse for any established spoliation based upon a more fully developed evidentiary record. See, e.g., Bull v. United Parcel Service, Inc., 665 F.3d 68, 73-74 (3d Cir. 2012) (discussing the analysis of spoliation of evidence); Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78-79 (3d Cir. 1994) (discussing the analysis of sanctions for spoliation). Moreover, even if the Court were to find merit in Plaintiff's argument regarding prejudice, the second two factors controlling whether a default judgment should be entered clearly do not weigh in Plaintiff's favor.

As to the second factor to be considered, the Court finds that Defendant has asserted litigable defenses to Plaintiff's negligence claim. In fact, Defendant first alleged defenses to Plaintiff's claim in its motion for extension of time, including a question regarding the effect of the automatic stay provision on the filing of this claim, and whether service of process upon it was valid when a trustee was in place. (Docket No. 16). Defendant next included a substantial number of affirmative defenses in its Answer, and certain defenses are addressed in detail in its briefs opposing Plaintiff's motion for default. (Docket Nos. 19, 21, 28). Thus, the second factor set forth by the Third Circuit, the appearance of litigable defenses, also does not weigh in Plaintiff's favor in considering whether a default judgment is appropriate.

Finally, there is a lack of evidence of record to suggest that Defendant's delay in filing an answer was due to culpable conduct, which is defined by the Third Circuit as "willfulness" or "bad faith," and which does not include mere negligence. Hritz v. Woma Corp. 732 F.2d at

1182-83; see also Chamberlain v. Giampapa, 210 F.3d at 164 (quoting Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983)).  Review of the record shows that Defendant was involved in involuntary bankruptcy proceedings at the time this action was filed, this action was subject to the automatic stay provision of 11 U.S.C. § 362, the stay was later lifted, and—soon after Plaintiff's motion for default judgment was filed—Defendant did in fact file an answer and respond to the motion for default in accordance with the Court's scheduling order.  Upon consideration of Defendant's conduct in the context of this case's somewhat complex procedural background, the Court does not find willfulness or bad faith to be apparent on the part of Defendant in failing to file an answer to the complaint sooner than it did.  Therefore, the third factor controlling whether a default judgment should be entered, whether the Defendant's delay is due to culpable conduct, also does not weigh in Plaintiff's favor.

### III.     Conclusion

Upon consideration of the above-mentioned factors and mindful of the Third Circuit's policy disfavoring default judgments and encouraging the adjudication of cases on the merits, the Court finds that entry of default judgment is not warranted in this case.   Accordingly, Plaintiff's Motion for Entry of Default Judgment (Docket No. 14) is denied.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:          Counsel of Record