IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY RAVOTTI,                )
                               )
            Plaintiff,         )
                               )
       v.                      )   Civil Action No. 18-1598
                               )
ONEJET, INC.,                  )
                               )
            Defendant.         )

# MEMORANDUM OPINION

Presently before the Court are Defendant OneJet, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings and brief in support (Docket Nos. 33, 34), Plaintiff Jeremy Ravotti's response in opposition (Docket No. 35), and Defendant's reply (Docket No. 37). For the reasons set forth below, Defendant's motion will be denied.

## I. Background

On October 17, 2018, an involuntary Chapter 7 bankruptcy petition was filed against OneJet, Inc. in the United States Bankruptcy Court for the Western District of Pennsylvania at Bankruptcy Case No. 18-24070-GLT ("the Bankruptcy Case"). On November 28, 2018, Plaintiff filed this action in the United States District Court for the Western District of Pennsylvania, alleging negligence on the part of Defendant and seeking to recover damages related to injuries he allegedly suffered as a pilot operating two of Defendant's aircrafts. (Docket No. 1). On January 23, 2019, District Court Chief Judge Mark R. Hornak entered an order staying and administratively closing this case because it appeared that the automatic stay afforded by the bankruptcy laws was fully applicable here. (Docket No. 8). The order was without prejudice to Plaintiff seeking appropriate relief in the Bankruptcy Case. (Id.).

On November 18, 2019, upon consideration of a motion filed by Plaintiff, United States Bankruptcy Judge Gregory L. Taddonio entered an order in the Bankruptcy Case granting Plaintiff relief from the automatic stay so that he could "continue to pursue the litigation pending" in the district court. (Docket No. 35-2 at 1). Plaintiff filed a motion to lift the stay and reopen this case on February 26, 2020 (Docket No. 9), and Judge Hornak granted Plaintiff's motion on March 2, 2020 (Docket No. 10). Litigation continued in this case and included Plaintiff filing a Motion for Entry of Default Judgment (Docket No. 14) and the parties filing briefs in support of and in opposition thereto, and Defendant filing its Answer and Affirmative Defenses to Plaintiff's Complaint (Docket No. 19).

This case was reassigned to Judge W. Scott Hardy on September 23, 2020. On December 4, 2020, the Court issued a Memorandum Order denying Plaintiff's motion for entry of a default judgment. (Docket No. 30). Defendant has now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**II.     Legal Analysis**

    **A. Rule 12(c) Motions for Judgment on the Pleadings**

According to Federal Rule of Civil Procedure 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court will only grant judgment on the pleadings if the moving party "clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc., 433 F. Supp. 3d 747, 757 (W.D. Pa. 2020); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1367 (2019) ("The motion for a judgment on the

pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.").

A court, when considering a motion for judgment on the pleadings, "must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." Allstate Property and Cas. Ins. Co. v. Squires, 667 F.3d 388, 390 (3d Cir. 2012). Like in the context of a Rule 12(b)(6) motion, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court of Appeals for the Third Circuit has set forth a three-step analysis for courts to use in determining whether a claim is plausible. First, a court should "outline the elements a plaintiff must plead to state a claim for relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (explaining that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Third, the court should assume that all well-pled factual allegations are true, "and then 'determine whether they plausibly give rise to an entitlement to relief.'" Bistrian, 696 F.3d at 365 (quoting Iqbal, 556 U.S. at 679).

Additionally, "[a] defendant may raise the statute of limitations as a defense by way of a motion for judgment on the pleadings under Rule 12(c), if the statute's application is apparent on the face of the complaint." Tozer v. Darby PA, No. 13-2005, 2014 WL 1378817, at *3 (E.D. Pa. Apr. 7, 2014) (citing Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir.1994), and Voicheck v. Ford Motor Co., No. 12-6534, 2013 WL 1844273, *4 (E.D. Pa. May 2, 2013) (granting a motion for judgment on the pleadings on statute of limitations grounds)).

3

### B. **Defendant's Motion for Judgment on the Pleadings**

Defendant has moved for judgment on the pleadings pursuant to Rule 12(c), arguing that Plaintiff's Complaint was void when it was filed because Defendant was involved in bankruptcy proceedings at the time, and that Plaintiff failed to file or re-file a complaint or otherwise move to re-open this case in a timely manner (which Defendant contends was required by the Bankruptcy Court's order granting relief from the stay). Defendant argues that Plaintiff's claims are therefore barred by the applicable statute of limitations.

The United States Bankruptcy Code provides for an automatic stay of litigation against a party when that party enters bankruptcy proceedings. See 11 U.S.C. § 362. An action brought against an entity that has declared bankruptcy is generally considered to be void *ab initio*, or null "from the beginning," absent relief from the stay.[1] See Constitution Bank v. Tubbs, 68 F.3d 685, 692 n.6 (3d Cir. 1995). The Court of Appeals for the Third Circuit has recognized that a bankruptcy court has the power to provide such relief – including retroactive relief – from an automatic stay. See id. Specifically, Section 362(d) of the Bankruptcy Code provides, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . ." 11 U.S.C. § 362(d). If a stay is annulled, "'it is as if the stay never existed,'" and the order applies retroactively without the need for further explanation by the bankruptcy court, validating proceedings that would otherwise be void *ab initio*. See In re Jones, 331 B.R. 204, 206 (E.D. Pa. 2005) (quoting In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994)). If a stay is terminated, the stay is generally considered to end on the date of the termination order, and such order does not automatically provide retroactive relief. See In re Siciliano, 13 F.3d at 751.

---

[1] Black's Law Dictionary (11th ed. 2019).

Additionally, although the statute of limitations on a claim continues to run while a bankruptcy is in effect, the Bankruptcy Code provides that a claim that expires while an automatic stay is in effect is extended for thirty (30) days after the termination of a stay, resulting in a 30-day grace period in which such claim may be filed. See 11 U.S.C § 108(c).

In this case, at the time Plaintiff filed his Complaint on November 28, 2018, Defendant was involved in the Bankruptcy Case that had been initiated on October 17, 2018. In the order entered in the Bankruptcy Case on November 18, 2019, Judge Taddonio granted Plaintiff relief from the automatic stay, specifically stating:

> The automatic stay is terminated as to Movant, Jeremy Ravotti ("Ravotti"), so that Ravotti may continue to pursue the litigation pending in the United States District Court for the Western District of Pennsylvania at Case No. 2:18-cv-01598-MRH; however, Ravotti may enforce any judgment obtained only from any available insurance proceeds and not against any asset or property of the bankruptcy estate of One Jet, Inc. absent further order of this Court.

(Docket No. 35-2 at 1).[2] After the Bankruptcy Court's order was entered, upon motion by Plaintiff, the District Court entered an order lifting the stay and re-opening this case, and litigation in this case continued from where it had previously paused.

In its motion for judgment on the pleadings, however, Defendant now argues that, because the Bankruptcy Court's order did not include the word "annul," it did not actually provide Plaintiff with the retroactive relief that it appeared to grant. Defendant contends that Plaintiff's Complaint was void when it was filed in this matter, the statute of limitations continued to run and expired

---

[2] In considering a motion for judgment on the pleadings under Rule 12(c), "federal courts may consider the pleadings and any attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record." Germinaro v. Fidelity Nat'l Title Ins. Co., 107 F. Supp. 3d 439, 449 (W.D. Pa. 2015). Thus, "Courts in this circuit have recognized the propriety of considering public records such as court filings in connection with a Rule 12(b) or 12(c) motion." Id. Accordingly, the Court may properly consider documents filed in the Bankruptcy Case at issue here.

5

before the stay ended, and – despite the clear language of the Bankruptcy Court's order providing otherwise – Plaintiff was required to file a new complaint[3] within 30 days of the stay being lifted in order to preserve his claim.[4] Defendant argues that Plaintiff's claim is therefore untimely because he did not take action in this case until 100 days after the Bankruptcy Court issued its order lifting the stay, which was 70 days after the 30-day grace period had ended.

Plaintiff argues, however, that the Bankruptcy Court did in fact provide retroactive relief in its detailed order which contained a clear explanation of the relief being granted – and, according to which, Plaintiff was not required to file a new lawsuit but was permitted to continue to pursue this one. Plaintiff asserts that the Bankruptcy Court's order, read in its entirety (which, Plaintiff states, Defendant fails to do), terminated the stay **and** expressly permitted Plaintiff to continue to pursue this case without requiring him to take additional steps: "the automatic stay is terminated . . . *so that Ravotti may continue to pursue the litigation pending* in the United States District Court for the Western District of Pennsylvania at Case No. 2:18-cv-01598-MRH." (Docket No. 35-2 at 1 (emphasis added)). According to Plaintiff, Defendant is attempting to defeat the Bankruptcy Court's clear intent to validate the filing of his Complaint. Plaintiff states that Defendant is instead urging this Court to cherry-pick a single word from the Bankruptcy Court's order ("terminated") and to find that different "magic language" (the word "annulled") was required to provide the retroactive relief that the order described. Plaintiff argues that this Court should instead honor *all of the terms* set forth in the Bankruptcy Court's order, which not only

---

[3]   Defendant also states that Plaintiff could have, as an alternative to filing a new complaint, also either refiled the Complaint that he had already filed in this case, or he could have otherwise moved to reopen this case during the 30-day period.

[4]   Plaintiff's negligence claims are subject to a two-year statute of limitations under Pennsylvania law. See 42 Pa. C.S. § 5524; Barnes v. American Tobacco Co., 161 F.3d 127, 152 (3d Cir. 1998). Defendant argues that the two-year statute of limitations ran on January 16, 2019, and that since the automatic stay was in effect until November 18, 2019 when Judge Taddonio granted Plaintiff relief, he was required to take action within 30 days of that stay ending, or by December 18, 2019.

terminated the stay, but also granted retroactive relief specifying that Plaintiff could continue to pursue this particular case (even going so far as to identify it by case number), and included a condition indicating that any judgment obtained in this case could come only from insurance proceeds but not the bankruptcy estate (subject to later orders by the Bankruptcy Court).

Upon review of the Bankruptcy Court's order, the Court agrees with Plaintiff. Had that order stated only that the automatic stay was "terminated" or "annulled" without the Bankruptcy Court providing any further explanation, a fair reading of such order would simply be in accord with the technical meaning of the individual word chosen, as described, supra. However, the Bankruptcy Court ordered not only that the automatic stay was "terminated," but it also specifically set forth how the District Court case was to proceed: the order expressly permitted Plaintiff to "continue" to pursue this particular case that was already pending (and did not order Plaintiff to refile a complaint or take some other action within 30 days in order to do so), and it specified sources from where any judgment that might be obtained in this case could (and could not) come. As Defendant has cited no authority (nor is any authority apparent to the Court) to support either the proposition that the Bankruptcy Court's order should not be read in its entirety, or the proposition that only the word "annul" can provide retroactive relief (despite the Bankruptcy Court describing the retroactive relief ordered), the Court concludes that the plain meaning of the Bankruptcy Court's order is clear and should not be ignored.[5]

---

[5] Defendant cites to a number of cases where claims were found to be barred by the statute of limitations because complaints were not filed within 30 days of an automatic stay being lifted, but none of those cases involved a complaint having been filed while the defendant in question was in bankruptcy. See Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1073-75 (2d Cir. 1993); Matelic v. Mendoza, No. 12-13523, 2020 WL 2750078, at *2 (E.D. Mich. May 27, 2020); Estate of Kevin Ivie v. Clark, No. 15-13239, 2016 WL 795899, at *2 (E.D. Mich. Feb. 29, 2016); Kee v. Terrible's Primm Valley Casino Resorts, No. 62527, 2015 WL 280830, at *1 (Nev. App. Ct. Jan. 21, 2015); Rhodes v. C&G Excavating, Inc., No. 98-6274, 1999 WL 820204, at *1 (E.D. Pa. Sept. 29, 1999). In fact, none of the cases cited by Defendant involved a situation similar to the one presented here, where a complaint was filed while the defendant was in bankruptcy, and an order for relief from a stay was subsequently obtained.

7

Thus, the Court concludes that the Bankruptcy Court's order, considered in its entirety, in effect modified or annulled the automatic stay with certain specific conditions, as permitted by Section 362(d) of the Bankruptcy Code, validating the earlier filing of Plaintiff's Complaint so that the case could continue and limiting the source of any judgment that may be obtained in the case. Since the order permitted Plaintiff to "continue" this case without requiring him to take any of the additional steps that Defendant contends should have been taken, the order provided retroactive relief from the stay by validating the filing of Plaintiff's Complaint. The fact that the order "terminated" the stay, when considered in conjunction with all of the other terms of that order describing retroactive relief, evidences the Bankruptcy Court's broad power to craft appropriate relief from an automatic stay, including the ability to annul a stay with additional limiting conditions, thereby validating an action taken in violation of such stay. See In re Siciliano, 13 F.3d at 751 (citing and/or quoting Sikes v. Global Marine, Inc., 881 F.2d 176, 178 (5th Cir. 1989) ("'[t]he power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay'"); In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992) ("'section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay'"); In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984) ("362(d) grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it.")).

Because the Court finds that the Bankruptcy Court's November 18, 2019 order expressly permitted Plaintiff to continue to pursue this case which was filed while the Bankruptcy Case was proceeding, without requiring him to file a new complaint, or refile his old Complaint, or take some other action within 30 days after issuance of that order in order to preserve his claim, the Court concludes that the Bankruptcy Court granted Plaintiff retroactive relief from the stay, in

effect annulling the stay with conditions and validating the earlier filing of his Complaint.  Plaintiff has not, therefore, failed to state a claim upon which relief can be granted based on his claim being barred by the statute of limitations.

### III. Conclusion

Accordingly, Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Docket No. 33) will be denied.


Dated: July 1, 2021                                                      *s/ W. Scott Hardy*
                                                                                        W. Scott Hardy
                                                                                        United States District Judge

cc/ecf:  All counsel of record