IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY RAVOTTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1598 |
| ) | |
| ONEJET, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant OneJet, Inc.'s Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3) and brief in support (Docket Nos. 49, 50), seeking to appeal the Court's July 1, 2021 Order denying its Motion for Judgment on the Pleadings.[1]  Plaintiff Jeremy Ravotti opposes OneJet's motion (Docket No. 55), and OneJet has filed a reply (Docket No. 56).  For the reasons set forth below, OneJet's motion will be granted and the Court's Order will be amended to include a certification for interlocutory review.

**I.    Background**

On July 1, 2021, the Court entered a Memorandum Opinion (Docket No. 46) and Order (Docket No. 47) denying OneJet's Motion for Judgment on the Pleadings.  In doing so, the Court rejected OneJet's argument that Ravotti's Complaint was void *ab initio* because OneJet was in bankruptcy proceedings and Ravotti subsequently failed to file or re-file a complaint or otherwise move to re-open the case within thirty (30) days after the Bankruptcy Court purportedly "terminated" the automatic stay but prior to the expiration of the applicable statute of limitations.

---

[1]    OneJet's motion for Judgment on the Pleadings is docketed at No. 33 and its supporting briefs are docketed at Nos. 34 and 37.  Ravotti's Opposition is docketed at No. 35.

1

Rather, the Court held that Plaintiff's claim is not barred by the statute of limitations because the Bankruptcy Court's order, *when considered in its entirety,* effectively modified or annulled the automatic stay with certain specific conditions as permitted by 11 U.S.C. § 362(d)[2] and despite using the word "terminated" instead of "annulled." Indeed, the pertinent text of the Bankruptcy Court's order provides, "The automatic stay is terminated . . . so that Ravotti may continue to pursue the litigation pending in the United States District Court . . . at Case No. 2:18-cv-01598." (Docket No. 35-2 at 1).[3]

OneJet is dissatisfied with the Court's explanation that the Bankruptcy Court possesses the statutory authority to annul, terminate, modify, or condition an automatic stay under 11 U.S.C. § 362(d), and that it exercised its authority here, as evidenced by the plain meaning of its Order when considered in its entirety, by permitting Ravotti to pursue the litigation pending in the District Court, while limiting his ability to enforce any judgment solely from available insurance proceeds rather than from any asset or property of the bankruptcy estate. (Docket No. 35-2 at 1). OneJet persists in arguing that the Bankruptcy Court's use of the word "terminated" rather than "annulled" (notwithstanding its additional clarifying text evidencing the exercise of its annulment power) divests it of its statutory authority to lift the stay retroactively. OneJet now asks the Court to certify an interlocutory appeal on this issue.

## II. Standard for Certifying Appeal of Interlocutory Order

The denial of OneJet's Motion for Judgment on the Pleadings is not a final judgment and is generally not appealable except by an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[2] This provision authorizes the Bankruptcy Court to grant various types of relief from an automatic stay, providing, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, *such as by* terminating, annulling, modifying, or conditioning such stay . . . ." 11 U.S.C. § 362(d) (emphasis added).

[3] The Bankruptcy Court's order also included a modifying condition that any judgment obtained in the case would come only from insurance proceeds and not from the bankruptcy estate. (Docket No. 35-2 at 1).

Accordingly, the following criteria must be met for the Court to exercise its discretion to certify its Order for an immediate petition for allowance of appeal to the Court of Appeals: (i) the order must involve a controlling question of law; (ii) it must offer a substantial ground for difference of opinion as to its correctness; and (iii) if appealed immediately, it would materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

**1. The Issue Involves a Controlling Question of Law**

A question of law is controlling if its incorrect disposition would require reversal of the final judgment. *See Katz,* 496 F.2d at 755. "Controlling" has also been interpreted to mean "'serious to the conduct of the litigation in a practical or legal sense.'" *Pennsylvania v. Navient Corp.*, No. 3:17-cv-1814, 2019 WL 1052014, at *2 (M.D. Pa. Mar. 5, 2019) (quoting *FTC v. Wyndham Worldwide Corp., 10 F. Supp. 3d 602, 633* (D.N.J. 2014) (citations omitted), *aff'd* 799 F.3d 236 (3d Cir. 2015)); s*ee also Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, Civ. No. 05-281, 2011 WL 1044864, at *2 (E.D. Pa. Mar. 23, 2011) (citing 19 James W. Moore et al., Moore's Federal Practice ¶ 203.31[3] (3d ed. 2003) (a controlling question of law is one that "has the potential of substantially accelerating disposition of the litigation")).

Here, the Court's ruling that the Bankruptcy Court's order permissibly lifted the stay retroactively pursuant to its authority supplied by 11 U.S.C. § 362, even though it did not contain the word "terminate," is serious to the conduct of the litigation in both a practical and legal sense because the opposite ruling likely would have resulted in Plaintiff's claim being time barred and thus dismissed. The ruling thereby presents a controlling question of law[4] for purposes of

---

[4] Ravotti contends that OneJet waived its "annulment" argument and that the outcome of the case would remain unchanged regardless of how this legal question is decided. This waiver argument is unavailing, however, because OneJet is not challenging the propriety of the Bankruptcy Court's order *per se*, but instead is challenging the effect

considering whether to certify it for interlocutory appeal. *See e.g., Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 3:17-cv-101, 2021 WL 772238, at *5 (M.D. Pa. Feb. 26, 2021) (finding applicability of equitable tolling a controlling question of law because if the Court of Appeals were to find equitable tolling unavailable, then the statute of limitation would have run and the action would be subject to dismissal).

## 2. **There Are Substantial Grounds for Difference of Opinion**

Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard, conflicting and contradictory opinions, or the absence of controlling law on a particular issue. *See e.g.*, *Nationwide Life Ins. Co.*, 2011 WL 1044864, at *3; *Cestra v. Mylan, Inc.*, Civ. No. 14-825, 2015 WL 2455420, at *3 (W.D. Pa. May 22, 2015); *Southeastern Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2020 WL 4041049, at *8 (M.D. Pa. July 17, 2020) (stating that the "relevant question is whether reasonable jurists might disagree as to the proper resolution of a disputed issue"); *Pennsylvania v. Navient Corp.*, 2019 WL 1052014, at *2 (stating that "[q]uestions of first impression can present substantial grounds for difference of opinion"). Here, neither the parties, nor the Court on its own initiative, have identified any controlling legal authority determining whether a Bankruptcy Court must expressly use the word "annul" in order to invoke its statutory power to lift an automatic stay retroactively. Accordingly, the Court finds that OneJet has established this factor.

---

that order has on the litigation in District Court. Accordingly, the Trustee's fourteen (14) day period to object to the Bankruptcy Court's order pursuant to Fed. R. Bankr. P. 4001(a)(3) is inapposite here.

### 3. Immediate Appeal Will Materially Advance the Ultimate Termination of this Litigation

The prompt resolution of this retroactivity issue may materially advance the ultimate termination of this litigation. Several factors are pertinent to this analysis, including: "'(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties.'" *Cestra*, 2015 WL 2455420, at *3 (quoting *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007)).

Again, if the Court of Appeals were to reverse this Court's ruling and find that a Bankruptcy Court may only lift an automatic stay retroactively by using the word "anul" as opposed to other words which convey such an intent, then Ravotti's sole claim would be time-barred, the need for trial would be eliminated, and the ultimate termination of the litigation would be advanced. *See Navient Corp.*, 2021 WL 772238, at *6. Accordingly, the Court also finds that OneJet has established this factor.

### III. Conclusion

All three requirements for interlocutory review under 28 U.S.C. § 1292(b) are present. Furthermore, the Court, in the exercise of its discretion, finds this action to be that "exceptional case" justifying certification of its July 1, 2021 Order for interlocutory appeal.

An Order consistent with this Memorandum Opinion follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated:  September 24, 2021

cc/ecf:  All counsel of record